**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DAVID JAVIER MARTINEZ-REYES, AKA Javier Martinez, AKA Javier David Martinez, AKA David Javier Reyes,<br><br>Defendant - Appellant. | No. 10-50144<br><br>D.C. No. 2:09-cr-00018-CAS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted February 8, 2011
Pasadena, California

Before: REINHARDT, RAWLINSON, and N.R. SMITH, Circuit Judges.

Appellant David Martinez-Reyes (Martinez-Reyes) appeals his sentence of

fifty-five months' imprisonment, following his guilty plea to being an illegal alien

found in the United States following deportation in violation of 8 U.S.C. § 1326.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

There was no procedural error because the district court properly calculated the Guideline range, treated the Guidelines as advisory rather than mandatory, applied the 18 U.S.C. § 3553(a) factors, and adequately explained its reasons for selecting the sentence imposed. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court's skepticism regarding the conclusion of the immigration expert did not constitute procedural error because the sentence was not *based on* any clearly-erroneous factual finding regarding that issue. *See id*.

The sentence imposed was not substantively unreasonable under the totality of the circumstances. *See id*. Martinez-Reyes' argument regarding the disparity between his sentence and sentences typically imposed upon similarly-situated defendants who accept fast-track plea agreements is not persuasive. *See United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir. 2009) (holding that sentencing disparities created by Congressionally-approved fast-track plea bargaining programs are not unwarranted).[1]

---

[1]Martinez-Reyes also contended at oral argument that the district court's imposition of a sentence greater than the average fast-track sentence punished him for exercising his constitutional right to reject a plea agreement. This contention lacks merit. *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), section 401(m)(2)(B), P.L. 108-21, 117 Stat. 650, 675 (2003) (directing the United States Sentencing Commission to

(continued...)

Martinez-Reyes concedes that binding precedent forecloses his remaining arguments. Assault with a deadly weapon or force likely to produce great bodily injury, in violation of California Penal Code § 245(a)(1), is categorically a crime of violence under U.S.S.G § 2L1.2(b)(1)(A)(ii). *See United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). The use of a defendant's prior conviction to increase a sentence, pursuant to 8 U.S.C. § 1326(b)(2), need not be alleged in the indictment nor proved to a jury beyond a reasonable doubt. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998); *see also Grajeda*, 581 F.3d at 1197 (holding that *Almendarez-Torres* remains good law).

**AFFIRMED.**

---

[1](...continued)
promulgate "a policy statement authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program . . .").